# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BETH MORGAN et al,

      Plaintiffs,

                                   Case No. 06-CV-12840

v.

PHILIP KAPUT,

      Defendant.

_____/

## ORDER OF DISMISSAL

On July 26, 2006, the court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction or for failure to state a claim, or in the alternative, why this case should not be dismissed or transferred for improper venue. Plaintiffs timely submitted a response on August 7, 2006, which the court has reviewed. For the reasons stated below, the court will dismiss this case for lack of subject matter jurisdiction.

## I. BACKGROUND[1]

Plaintiffs Beth Morgan and Sheral Morgan initiated this action on June 27, 2006. On July 10, 2006, Plaintiffs filed an "Addendum Complaint," which the court interprets as an amended complaint.[2] Their *pro se* amended complaint generally alleges that Plaintiffs and Defendant Philip Martin Kaput are co-owners of "Drumming, Spelling &

---

[1]These facts were set forth in the court's July 26, 2006 "Order to Show Cause," and will be repeated here for clarity.

[2]The amended complaint did not substantively alter the original complaint.

Counting with Mr. Phil 'The Rhythm Man' and His Cat Mr. Stubbs," an illustrated children's book and related song recording. (Am. Compl. at 1.) Plaintiffs allege that Plaintiff Sheral Morgan is the "sole illustrator" and that Plaintiff Beth Morgan and Defendant co-authored the book and sound recording. (*Id.* at 3, 5.) Plaintiffs further allege that Defendant possesses the original book, an "[o]riginal CD/cassette" containing the sound recording, and a "floppy disc containing [the] text." (*Id.* at 1.)

Plaintiffs attach to their amended complaint uncertified copies of two copyright registrations: Defendants' registration of the text, (*id.* at Ex. 1); and Plaintiffs' simultaneous registration of the text (Beth Morgan) and two-dimensional artwork (Sheral Morgan), (*id.* at Ex. 9). Plaintiffs assert that they have "the right to obtain said [w]orks," alleging that "[D]efendant is in violation of the federal [statute] in that he has withheld and is unwilling to release the [w]orks to the [P]laintiffs for the purpose of registration of the sound recording publication." (*Id.* at 2.) Plaintiffs also allege that, "upon submission of the text and sound recording [for copyright registration, Defendant] omitted Sheral Morgan as sole illustrator, and Beth Morgan as co-author/owner of the book as well as the sound recording." (*Id.* at 5.) Plaintiffs seek "[a]dditional costs . . . if the [w]orks need to be recreated and registered." (*Id.* at 1.)

After reviewing Plaintiffs' amended complaint, the court was not convinced that it had subject matter jurisdiction over Plaintiffs' claims, or that venue was proper. ("Order to Show Cause" at 2.) The court set forth in detail the required legal standard to establish subject matter jurisdiction and venue in this matter, and ordered Plaintiffs to show cause why this case should not be dismissed. (*Id.*) Having reviewed Plaintiffs' response to the "Order to Show Cause," the court determines that, while venue is

2

appropriate,[3] Plaintiffs have failed to sufficiently demonstrate that subject matter jurisdiction is proper.  Therefore, the court will dismiss Plaintiffs' amended complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

It is axiomatic that federal courts are courts of limited jurisdiction.  The basic statutory grants of subject matter jurisdiction for federal courts are contained in 28 U.S.C. § 1331, which provides for "federal question" jurisdiction, and 28 U.S.C. § 1332, which provides for "diversity of citizenship" jurisdiction.  Diversity jurisdiction does not exist in this case.  *See* 28 U.S.C. § 1332 (2006).  Thus, federal-question jurisdiction is required.  A plaintiff properly invokes federal-question jurisdiction when she pleads a colorable claim "arising under" the Federal Constitution or laws.  28 U.S.C. § 1331.

Plaintiffs are correct that federal district courts generally do have subject matter jurisdiction over copyright actions pursuant to the Copyright Act of 1976, 28 U.S.C. § 101.[4]  (Am. Compl. at 1.)  However, the action must "aris[e] under an[] Act of Congress relating to . . . copyrights."  28 U.S.C. § 1338(a).  As the court stated in its July 26, 2006 order, "it is well established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of § 1338(a)."  (7/26/06 Order (citing *Perry v.*

---

[3]Plaintiffs indicated that all parties reside in Oakland County, Michigan. (Resp. at 9.) Venue is therefore, at least facially, proper in this matter.  *See* 28 U.S.C. § 1400.

[4]Plaintiffs have been proceeding *pro se.*  It is established that "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972).  In reviewing a *pro se* complaint, a court must construe the pleadings liberally and in favor of the *pro se* litigant.  *Id.*  This review ensures that *pro se* pleadings are given fair and meaningful consideration.  *Id.*

*Broadcast Music Inc.*, 23 F. App'x 210, 211 (6th Cir. 2001)).

Although Plaintiffs cite generally to a variety of federal statutes, including sections of the Copyright Act, in their response to the court's "Order to Show Cause," the court is not persuaded that subject matter jurisdiction exists over this controversy. The gravaman of Plaintiffs' amended complaint is that Defendant, as co-owner of the disputed "Works," retains physical possession of the original Works. Plaintiffs also complain that Defendant did not participate in mediation during the underlying state court action and that the state court made improper rulings in determining ownership of the Works. (Resp. at 1, 9.) The court is not persuaded that these claims "arise under" the Copyright act. *See Perry*, 23 F. App'x at 211. In *Perry*, the Sixth Circuit affirmed the dismissal of copyright claims alleged by the putative owner of musical compositions, inasmuch as the case essentially involved a dispute over the ownership of the compositions, and thus did not arise under copyright law. *Id.* (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 824 (2d Cir. 1964)).[5] Further, Judge Friendly, writing for the Second Circuit, has stated:

> [A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g. a suit for infringement or for the statutory royalties for record reproduction, or asserts a claim requiring construction of the Act . . ., or at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this test.

*T.B. Harris. Co.*, 339 F.2d at 828. The court finds that, in this case, Plaintiffs are

---

[5]Unpublished decisions in the Sixth Circuit are not binding precedent. *Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir. 1996). However, their reasoning may be "instructive" or helpful. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 593 (6th Cir. 2004).

4

asserting only a "general interest that copyrights, like all other forms of property, should be enjoyed by their true owner." *Id.*

Moreover, Plaintiffs have failed to satisfy the court's concerns, described in the "Order to Show Cause," that this action is barred by the  the *Rooker-Feldman* doctrine. *See Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).  Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions.  *See, e.g., Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* Doctrine).  The doctrine applies where, as here, the court is "presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970.  The Supreme Court has recently reaffirmed the doctrine, explaining that it bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 284 (2005).

Here, Plaintiffs admit that they seek "to appeal the state court's adjudication in the 43rd district court," arguing that the state court improperly utilized a divorce decree in rendering its decision.  (Resp. at 9.)  This is quintessentially the type of case that the *Rooker-Feldman* doctrine precludes.  "Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, or could have, in the course of the state court decisions." *Hart*, 957 F. Supp. at 970. Accordingly, the court finds that, in addition to lacking subject matter jurisdiction under

5

the Copyright Act, the court is barred from hearing this case under the *Rooker-Feldman*

doctrine.

### III. CONCLUSION

IT IS ORDERED that Plaintiffs' amended complaint [Dkt. # 7] is DISMISSED for

lack of subject matter jurisdiction.

         S/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 31, 2006, by electronic and/or ordinary mail.

         S/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\06-12840.MORGAN.Copyright.Dismissal.wpd